UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:12-cr-65-1 |
| | ) |
| KEVIN HARRIS | ) |

### ORDER

By Order dated December 29, 2020, Defendant was allowed additional time to object to the Magistrate Judge's November 3, 2020, Report and Recommendation. (Doc. 134.) On January 12, 2021, Defendant filed his objections to the Report and Recommendation (Doc. 136).

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

After careful review of the file and the Magistrate Judge's Report and Recommendation (Doc. 133), this Court ADOPTS the Magistrate Judge's recommendations in full for the reasons stated in the Report. The motion to set aside, vacate, or correct sentence (Doc. 127) under 28 U.S.C. § 2255 is DENIED.

As stated in the Magistrate Judge's Report and Recommendation, relief under § 2255 for non-constitutional claims is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) internal quotation marks omitted); see also *United States v. Addonizio*, 442 U.S. 178, 185 (1979) ("[A]n error of law does not provide for a basis for collateral attack unless the

claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." (internal quotation marks omitted.)).

Even with modifications of Harris's criminal history category from four to three, his sentence is still within the applicable sentencing range.  Harris has failed to demonstrate a gross miscarriage of justice.

The court declines to issue a certificate of appealability, which may issue in a § 2255 proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Generally, a movant meets this burden by demonstrating that "reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented [a]re adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Harris has not made this showing, and thus the court will not issue a certificate of appealability.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of April, 2021.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge